UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

ARTHUR ELIAV,

                            Plaintiff,

  -against-

ROOSEVELT ISLAND OPERATING
CORPORATION; SHELTON HAYNES;
GRETCHEN ROBINSON; AND TAJUNA
SHARP,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

**Civil Case No. 1:22-cv-09978**

**ANSWER**

      Defendants Roosevelt Island Operating Corporation (RIOC), Shelton Haynes, Gretchen Robinson, and Tajuna Sharp (collectively, "Defendants") by and through their attorneys, Bond, Schoeneck & King, PLLC, answer the Complaint as follows:

## PRELIMINARY STATEMENT

      This case is an unfortunate example of the laudable goals of the anti-discrimination laws and the cherished values of the First Amendment being undermined by five former employees who were victims only of their own derelictions and their attorney, whose keen eye for the media spotlight cannot be deterred by facts or law.

## ANSWERS TO THE ALLEGATIONS

      1.    Defendants admit the truth of the allegations contained in paragraph "1" of the Complaint.

      2.    Defendants deny the truth of the allegations contained in paragraph "2" of the Complaint and allege affirmatively that Plaintiff was not qualified for promotion, was repeatedly

15133032.2 1/23/2023

put on written notice of his poor performance and breached his fiduciary duty and duty of loyalty to RIOC.

3. Defendants deny the truth of the allegations contained in paragraph "3" of the Complaint.

4. Defendants admit the truth of the allegations contained in paragraph "4" of the Complaint but allege affirmatively that the claims are legally frivolous

5. Defendants admit the truth of the allegations in paragraph "5" of the Complaint.

6. Admit the truth of the allegations in paragraph "6" of the Complaint, except deny having knowledge or information to sufficient to form a belief as to when Plaintiff emigrated to the United States.

7. Defendants admit the truth of the allegations in paragraph "7" of the Complaint.

8. Defendants deny the allegation in paragraph "8" of the Complaint, except admit that: Mr. Haynes is a United States Citizen, resident of New York; President and CEO of RIOC; and is African American; and allege affirmatively that all actions taken by Mr. Haynes were done in good faith and for legitimate, non-discriminatory/non-retaliatory reasons and further allege affirmatively that Mr. Haynes' race is wholly irrelevant to this matter.

9. Defendants deny the allegation in paragraph "9" of the Complaint, except admit that: Ms. Robinson is a United States Citizen, resident of New York; General Counsel of RIOC; and is African American; and allege affirmatively that all actions taken by Ms. Robinson were done in good faith and for legitimate, non-discriminatory/non-retaliatory reasons and further allege affirmatively that Ms. Robinson's race is wholly irrelevant to this matter.

10. Defendants deny the allegation in paragraph "10" of the Complaint, except admit that: Ms. Sharpe is a United States Citizen, resident of New York; Director of Human Resources

at RIOC; and is African American; and allege affirmatively that all actions taken by Ms. Sharpe were done in good faith and for legitimate, non-discriminatory/non-retaliatory reasons and further allege affirmatively that Ms. Sharpe's race is wholly irrelevant to this matter.

11. Defendants deny the truth of the allegations contained in paragraph "11" of the Complaint and allege affirmatively that Plaintiff was terminated for poor performance and insubordination and further allege affirmatively that Plaintiff lied to the RIOC Board about his role in creating and publicizing a defamatory statement about RIOC and that Plaintiff breached his fiduciary duty and duty of loyalty to RIOC by claiming to have been aware of long-term fraud and corruption taking place at RIOC but failing to disclose same to the RIOC Board until he was informed that his employment was being terminated.

12. Admit the allegations contained in paragraph "12" of the Complaint.

13. Admit the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint and allege affirmatively that three different General Counsel's at RIOC found Plaintiff's employment to be subpar. For example, in a March 3, 2016 memorandum, former RIOC General Counsel Susan G. Rosenthal noted that Mr. Eliav is "not a self-starter" and that "he does the minimum amount of work." It was also noted that Mr. Eliav's attendance "showed a complete lack of commitment to his position at RIOC." Additionally, whenever he has been asked to perform tasks that are well within his duties and responsibilities, Mr. Eliav would accuse his supervisors of being corrupt. This negative opinion of Mr.Eliav was shared by both Ms. Rosenthal and her replacement, Jacqueline Flug. In a March 3, 2019 evaluation, she sharply criticized Mr. Eliav for his poor attitude, lack of commitment to his job, and lack of professionalism.

15. Deny the allegations contained in paragraph "15" of the Complaint and allege affirmatively that Plaintiff's performance was poor.

16. Admit the allegations contained in paragraph "16" of the Complaint, but deny that Mr. Eliav gave truthful testimony

17. Admit the allegations contained in paragraph "17" of the Complaint and allege affirmatively that the amount of attorney's fees has been appealed to the Second Circuit.

18. Deny the allegations contained in paragraph "18" of the Complaint.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Deny the allegations contained in paragraph "20" of the Complaint, except deny having knowledge or information regarding Plaintiff's conversations with Flug and Rosenthal.

21. Deny the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint, but admit that Robinson never testified in a discrimination action against RIOC.

24. Deny the allegations contained in paragraph "24" of the Complaint.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Admit the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Admit the allegations contained in paragraph "28" of the Complaint.

29. Deny the allegations contained in paragraph "29" of the Complaint.

30. Deny the allegations contained in paragraph "30" of the Complaint.

31. Deny the allegations contained in paragraph "31" of the Complaint, except admit that a FOIL request was sent by David Stone.

4

15133032.2 1/23/2023

32. Deny the allegations contained in paragraph "32" of the Complaint.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. Deny the allegations contained in paragraph "35" of the Complaint.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint, except admit that Robinson invited Plaintiff to apply for the Deputy General Counsel position.

38. Deny the allegations contained in paragraph "38" of the Complaint.

39. Deny the allegations contained in paragraph "39" of the Complaint, but admit that RIOC relied on outside counsel for certain legal matters.

40. Deny the allegations contained in paragraph "40" of the Complaint, except allege that Markus Sztejnberg was qualified for the position of Deputy General Counsel

41. Deny the allegations contained in paragraph "41" of the Complaint, except allege that Markus Sztejnberg was hired for the position of Deputy General Counsel

42. Deny the allegations contained in paragraph "42" of the Complaint, except admit that Markus Sztejnberg had not testified against RIOC and deny knowing whether Mr. Sztejnberg is Orthodox.

43. Deny the allegations contained in paragraph "43" of the Complaint, except admit that Plaintiff wrote Robinson complaining about the qualifications of the position and refer the Court to Plaintiff's November 21, 2021 written communication for its full, form, meaning and import.

44. Deny the allegations contained in paragraph "44" of the Complaint, except admit that Plaintiff sent a follow-up email making numerous allegations and refer the Court to Plaintiff's

follow-up email for its full, form, meaning and import, and allege affirmatively that Plaintiff's complaints were frivolous.

45. Deny the allegations contained in paragraph "45" of the Complaint, except admit that Plaintiff was terminated and allege affirmatively that Plaintiff was terminated for cause.

46. Deny the allegations contained in paragraph "46" of the Complaint and allege affirmatively that RIOC has hired and retained Caucasian employees and specifically hired Mr. Sztejnberg who is Caucasian.

47. Deny the allegations contained in paragraph "47" of the Complaint.

## FIRST CAUSE OF ACTION

48. Defendants repeat and reallege their responses to the allegations of paragraphs "1"-"47" of the complaint set forth herein.

49. Admit the truth of the allegations in paragraph "49" of the Complaint, except deny having knowledge or information to sufficient to form a belief as to when Plaintiff emigrated to the United States.

50. Admit the truth of the allegations contained in paragraph "50" of the Complaint.

51. Admit the truth of the allegations contained in paragraph "51" of the Complaint, except deny that Plaintiff was denied the opportunity to apply for a promotion and allege affirmatively that Plaintiff was denied promotions because he did not deserve to be promoted.

52. Deny the truth of the allegations contained in paragraph "52" of the Complaint.

53. Deny the truth of the allegations contained in paragraph "53" of the Complaint.

54. Deny the truth of the allegations contained in paragraph "54" of the Complaint.

55. Deny the truth of the allegations contained in paragraph "55" of the Complaint.

56. Deny the truth of the allegations contained in paragraph "56" of the Complaint.

57. Deny the truth of the allegations contained in paragraph "57" of the Complaint, except deny having knowledge of the alleged conversations between Plaintiff and Flug and allege affirmatively that Flug was not employed by RIOC at the time of Plaintiff being promoted to the Deputy General Counsel position, except admit that Mr. Sztenberg applied for and was given the position

58. Deny the allegations contained in paragraph "58" of the Complaint.

## SECOND CAUSE OF ACTION

59. Defendants repeat and reallege their responses to the allegations of paragraphs "1" – "58" of the Complaint set forth herein.

60. Admit the truth of the allegations in paragraph "60" of the Complaint.

61. Deny the truth of the allegations in paragraph "61" of the Complaint.

62. Deny the truth of the allegations in paragraph "62" of the Complaint, and allege affirmatively that in his November 29, 2021 emails, Plaintiff mentioned nothing about discrimination.

63. Deny the truth of the allegations in paragraph "63" of the Complaint.

## THIRD CAUSE OF ACTION

64. Defendants repeat and reallege their responses to the allegations of paragraphs "1" to "63" of the Complaint set forth herein.

65. Deny the truth of the allegations in paragraph "65" of the Complaint.

66. Deny the truth of the allegations in paragraph "66" of the Complaint.

67. Deny the truth of the allegations in paragraph "67" of the Complaint.

68. Deny the truth of the allegations in paragraph "68" of the Complaint.

69. Deny the truth of the allegations in paragraph "69" of the Complaint.

15133032.2 1/23/2023

70. Deny the truth of the allegations in paragraph "70" of the Complaint.

## FOURTH CAUSE OF ACTION

71. Defendants repeat and reallege their responses to the allegations of paragraph "1" to "70" of the Complaint set forth herein.

72. Deny the truth of the allegations in paragraph "72" of the Complaint.

73. Amit the truth of the allegations in paragraph 73 of the Complaint.

74. Deny the truth of the allegations in paragraph "74" of the Complaint.

75. Deny the truth of the allegations in paragraph "75" of the Complaint, and allege affirmatively that in his November 29, 2021 emails, Plaintiff mentioned nothing about discrimination.

76. Deny the truth of the allegations in paragraph "76" of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth the below defenses without assuming or conceding that Defendants bear the burden of persuasion as to any of them. Defendants also specifically reserve the right to amend this Answer by adding affirmative defenses and/or counterclaims as additional investigation, discovery, and circumstances may warrant.

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff did not engage in protected activity under any law.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims or damages, if any, are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. All actions taken with respect to Plaintiff were taken in good faith for legitimate, nondiscriminatory/nonretaliatory reasons, wholly unrelated to Plaintiff's race, religion. or any other status protected by federal, state, or local law.

### RESERVATION OF OTHER AFFIRMATIVE DEFENSES

5. Defendants reserve the right to assert additional affirmative defenses, the bases for which may be disclosed in the course of discovery.

### AS AND FOR A COUNTER CLAIM

**(Breach of Fiduciary Duty/Breach of Duty of Loyalty)**

1. Arthur Eliav was employed as an in-house counsel at RIOC.

2. As an in-house counsel, Arthur Eliav owed a fiduciary duty to RIOC.

3. As an in-house counsel, Arthur Eliav owed RIOC a duty of loyalty to RIOC.

4. As an in-house counsel, Arthur Eliav was bound to comport himself with the ethical obligations of a government attorney.

5. Arthur Eliav was also employed by RIOC as an Ethics Officer and Compliance and Internal Controls Officer.

6. As an in-house counsel, Arthur Eliav conducted ethics training for RIOC staff.

7. As an Ethics Officer and Compliance and Internal Controls Officer, Arthur Eliav owed a fiduciary duty to RIOC.

15133032.2 1/23/2023

8. As an Ethics Officer and Compliance and Internal Controls Officer, Arthur Eliav owed RIOC a duty of loyalty to RIOC.

9. As an Ethics Officer and Compliance and Internal Controls Officer, Arthur Eliav was bound to comport himself with the ethical obligations of a government attorney.

10. Arthur Eliav's duties to RIOC included an undivided duty of loyalty.

11. Arthur Eliav's duties to RIOC included honoring RIOC's interests over his own.

12. Arthur Eliav's duties to RIOC included reporting fraud to RIOC.

13. Arthur Eliav's duties to RIOC included reporting corruption to RIOC.

14. Arthur Eliav's duties to RIOC included reporting discrimination to RIOC.

15. Arthur Eliav's ethical obligations included reporting employee misconduct to RIOC.

16. Arthur Eliav's ethical obligations included reporting illegal conduct/activities to RIOC.

17. As an in-house counsel, Ethics Officer and Internal Controls Officer, Arthur Eliav knew the proper procedure for reporting fraud, corruption, discrimination, and misconduct to RIOC.

18. After being informed of his termination, Arthur Eliav sought to negotiate an exorbitant severance package from RIOC.

19. RIOC declined to accede to Arthur Eliav's demand that he be paid an unwarranted amount of severance.

20. After discussions regarding the amount of Arthur Eliav's severance broke-down, by letter dated April 19, 2022, Arthur Eliav wrote RIOC's Board of Directors claiming that during

his employment as in-house counsel for RIOC, he became aware of numerous incidents of fraud, corruption, illegality, misconduct, and discrimination occurring at RIOC.

21. Despite the fiduciary duty and duty of loyalty owed by Arthur Eliav to RIOC and his ethical obligations as an attorney, Ethics Officer and Internal Controls Officer, at no time prior to April 19, 2022 did Mr. Eliav report the incidents of fraud, corruption, illegality, misconduct and discrimination set forth in his April 19, 2022 letter to RIOC.

22. It was only after Mr. Eliav had been terminated and his demand for a massive severance denied, that Mr. Eliav reported fraud, corruption, illegality, misconduct, and discrimination to RIOC and he did so for the purposes of obtaining an *in terrorem* settlement from RIOC.

23. In fact, Mr. Eliav ended his April 19, 2022 letter to the Board of Directors as follows:

> If Members of this Board are interested in finding out the truth about the Current Executives, then I can make myself available to meet (in person or virtually) with any of you. I will answer your questions to the best of my ability, and will consider any and all reasonable requests to make this conversation as comfortable for you as possible. My goal is to shed the light on multiple abuses of power and improprieties that are currently hampering the proper administration of RIOC and to attempt to settle my claims against the Corporation.
>
> As the litigation deadlines are approaching, I unfortunately cannot await your response long. If none the Board Members (or your representatives) respond to me within ten (10) days from this letter, I will assume that this Board is not interested in discussing a path forward. In that case, I will do as I am best advised to protect my rights.

24. By failing to promptly report "multiple abuses of power and improprieties" and instead holding on to that information as a trump card to leverage a settlement, Arthur Eliav failed to honor RIOC's interests over his own.

25. In or around March 26, 2022, Arthur Eliav and a group of RIOC disgruntled employees, calling themselves #NYSWedDeserveBetter, widely disseminated a letter making serious allegations of fraud, corruption, kickbacks, and other illegal activities at RIOC. This letter was sent to numerous news outlets and publications such as CBS2, ABC7, Fox5, NY Post, The New York Times, The New York Daily News, Times Union, NY1, NPR, and New York Magazine, to name a few. This letter was also distributed to the entire RIOC staff, local Roosevelt Island organizations such as Main Street Theatre & Dance Alliance, Four Freedoms Park, RI Island Kids, the Octagon Apartments, the Manhattan Park Apartments, Shops on Main Street, Cornell Technical – among others; and local elected officials and government agencies such as the NYS Assembly, the NYS Senate, Community Board 8, Battery Park City Public Authority, and Hudson River Park. And, through the consultation and aid of David Belskey of goodrebellion.com, Mr. Eliav and this group of disgruntled employees launched a social media campaign, lasting no less than six months, posting numerous defamatory statements about RIOC and its employees on multiple social media platforms such as Twitter and Instagram, several times a day.

26. In his April 19, 2022 letter to RIOC, Mr. Eliav expressly denied writing the letter.

27. Forensic examinations of various electronic devices demonstrate that Arthur Eliav was an editor of the #NYSWeDeserveBetter letter while he was still employed at RIOC.

28. Instead of following the proper internal mechanisms for reporting misconduct, Mr. Eliav chose instead to be secretly involved with other employees in publishing information about RIOC that he could use for his own benefit.

29. The #NYSWeDeserveBetter letter contains false and defamatory statements about RIOC and its employees.

30.     Upon information and belief, the basis of such belief being a forensic examination of employee forensic devices, Mr. Eliav made no effort to redact or delete the false and defamatory material from the #NYSWeDeserveBetter letter.

31.     Upon information and belief, the basis of such belief being a forensic examination of employee forensic devices, Mr. Eliav actively participated in the dissemination and publication of the false and defamatory material from the #NYSWeDeserveBetter letter.

32.     As an in-house attorney Mr. Eliav was ethically bound not to defame his own client.

33.     As an Ethics Officer and Internal Controls Officer, Mr. Eliav was keenly aware of his obligations to truthfully report misconduct through proper chains of command so that such misconduct can be properly investigated and remediated.

34.     As an in-house counsel, Mr. Eliav should have been aware that spreading false information about RIOC employees raises serious due process concerns that could expose RIOC to liability.

35.     Mr. Eliav had a duty to RIOC to ensure that no defamatory or stigmatizing statements about RIOC were disseminated to the media.

36.     Mr. Eliav had a duty to RIOC to ensure that any investigation of employee misconduct was not tainted by the publication to the media of his own or anyone else's predeterminations.

37.     To the extent that the #NYSWeDeserveBetter letter contains true allegations of improper conduct, Mr. Eliav's undivided duty of loyalty and ethical obligations required him to report misconduct through the proper channels.

38. Instead, Mr. Eliav chose to collude and conspire with disgruntled employees to gain leverage over RIOC and immunize his own poor performance and lack of qualifications for promotion.

39. Mr. Eliav acted for his own personal benefit to the detriment of RIOC.

40. Mr. Eliav acted for his own biased motives to the detriment of RIOC.

41. Under New York's faithless servant doctrine, by virtue of his disloyal service and breach of fiduciary duty, Mr. Eliav is required to forfeit any compensation paid to him during the period of disloyalty.

42. Under New York's faithless servant doctrine, the compensation forfeiture includes not just salary, but also the value of fringe benefits, including health insurance, as well as the cost of investigating Mr. Eliav's disloyal conduct.

**PRAYER FOR RELIEF**

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendants pray for relief as follows:

1. A judgment in it's favor denying all of the relief requested by Plaintiff against Defendants and dismissing those claims with prejudice;

2. That the Court award Defendants their costs, disbursements and fees incurred in defending this action; and

3. On it counterclaim against Plaintiff, Judgment awarding Defendants actual, compensatory, and punitive damages in an amount to be determined at trial for Plaintiff's breaches of his fiduciary duty and duty of loyalty to RIOC, plus applicable statutory interest;

4. For such other and further relief that this Court deems just and equitable.

Dated: Garden City, New York
January 23, 2022

Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:_____
Howard M. Miller
*Attorney for Defendants*
1010 Franklin Avenue, Suite 200
Garden City, New York 11530
(516) 267-6320

15133032.2 1/23/2023